UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TYRONE BOWERS, | ) | CASE NO. 4:15 CV 2011 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| RALPH HANSON, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Tyrone Bowers is an inmate at the Federal Correctional Institution in Elkton, Ohio, and has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner seeks an order vacating his federal criminal sentence, asserting the career offender enhancement of that sentence is invalid under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). For the reasons stated below, the petition is denied.

Petitioner states that he was sentenced in the United States District Court for the Southern District of Florida, and that his sentence was enhanced as a career offender. He now challenges the constitutionality of his sentence in light of the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the "residual clause" contained in a portion of the Armed Career Criminal Act is void for vagueness, and that imposing an increased sentence under the residual clause violates due

process.  Petitioner asks this court to resentence him without the career offender enhancement.

## Discussion

A district court must conduct an initial review of *habeas corpus* petitions.  28 U.S.C. §2243; *Alexander v. Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011).  The court must deny a petition on initial review if it plainly appears from the face of the petition that the petitioner is not entitled to relief.  *Id.*  The allegations in the petition are accepted as true and liberally construed in the petitioner's favor.  *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

As a general matter, 28 U.S.C. §2255 and 28 U.S.C. §2241 provide the statutory scheme for federal prisoners to obtain *habeas* relief.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence, while §2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Therefore, claims asserted by federal prisoners seeking to challenge their sentences must be filed in the sentencing court pursuant to 28 U.S.C. §2255.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

There is a "savings clause" in §2255 - 28 U.S.C. §2255(e) - which provides a narrow exception to the statutory scheme and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447.  Section 2255 relief is not inadequate or ineffective, however, merely because § 2255 relief has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or

successive § 2255 motion. *Barnes v. United States*, 102 Fed. App'x 441, 443 (6th Cir. 2004). Rather, the Sixth Circuit has held the savings clause applies to allow a §2241 petition only in the narrow circumstance where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 Fed. App'x 501, 502 (6th Cir. 2012). Actual innocence means "factual innocence"; the petitioner must demonstrate "it is more likely than not that no reasonable juror would have convicted him." *Barnes*, 102 Fed. App'x at 443.

Although the petitioner refers to "actual innocence" in his petition, he challenges only his enhanced sentence as a career offender; he does not contend he is actually innocent of the underlying crimes for which he was sentenced. The Sixth Circuit has repeatedly instructed that "claims of sentencing error may not serve as the basis for an actual innocence claim" for purposes of a pursuing a motion under 28 U.S.C. §2241. *See Brown v. Hogsten*, 503 Fed. App'x 342, 343 (6th Cir. 2012); *Jones v. Castillo*, 489 Fed. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241"); *Hayes*, 473 Fed. App'x at 502 ("[t]he savings clause of section 2255(e) does not apply to sentencing claims"); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence . . . cannot be the basis for an actual innocence claim . . .").

Accordingly, the petitioner's challenge to his enhanced sentence is not cognizable under §2241. Federal courts considering similar petitions have indicated that, if *Johnson* provides a petitioner a basis to challenge the constitutionality of his enhanced sentence, it might be through a motion or second or successive petition under 28 U.S.C. §2255. *See, e.g., Tucker v. Snyder-Norris*, No. CV 0:15-53-HRW, 2015 WL 5826825, at *3, n. 1 (E.D. Ky. Oct. 1, 2015)

(noting that federal courts of appeals have reached different conclusions as to whether *Johnson* is retroactively applicable to cases on collateral review). Petitioner would need to file such a section 2255 motion in his criminal case in the Southern District of Florida.

## Conclusion

For the reasons stated above, the Section 2241 petition is denied and this action is dismissed. The dismissal is without prejudice to any section 2255 action petitioner may file to raise these sentencing issues. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/Dan Aaron Polster 11/5/15
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE